1

2

3                UNITED STATES DISTRICT COURT

4                     DISTRICT OF NEVADA

5                            * * *

6   MITCHELL KEITH GOODRUM,              Case No. 3:22-cv-00221-MMD-CLB

7                         Plaintiff,              ORDER

        v.

8   STATE OF NEVADA, *et al.*,

9

                        Defendants.

10

11  **I.      SUMMARY**

12          *Pro se* Plaintiff Mitchell Keith Goodrum appears to be attempting to sue the state

13  court judge who presided over a criminal case in which he was the defendant for

14  purported bias. (ECF No. 1-1 at 1, 5-53.) Before the Court is the Report and

15  Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin,

16  recommending the Court  dismiss this case without prejudice because Plaintiff did not

17  timely pay the filing fee or complete an *application to proceed in forma pauperis* ("IFP

18  Application"), contrary to a prior order ordering him to do so. (ECF No. 4.) Goodrum filed

19  an objection (ECF No. 5), and then a motion to stay (ECF No. 6) and a motion for

20  extension of time (ECF No. 7), both generally contending that prison officials took a box

21  of legal documents from him. As further explained below, the Court will dismiss this case

22  without prejudice because Goodrum did not properly initiate it or persuasively explain why

23  he did not follow Judge Baldwin's order.

24  **II.     BACKGROUND**

25          Goodrum initiated this action by filing a document styled as a 'Motion To Move

26  Case No. 22-10DC-0019 from Tenth Judicial District Court to U.S. District Court for the

27  District of Nevada.' (ECF No. 1-1 at 1.) He did not pay the filing fee or attach a completed

28  IFP Application at the time he filed this initiating document. He instead attached a copy

1    of a state-court complaint. (*Id.* at 5-53.) Judge Baldwin ordered him to pay the filing fee

2    or a completed IFP Application by September 30, 2022, and warned him she would

3    dismiss the case if he did not timely comply. (ECF No. 3.) Goodrum did not timely comply,

4    so Judge Baldwin issued the R&R on October 7, 2022, recommending the case be

5    dismissed without prejudice—and giving him until October 21, 2022, to file an objection.

6    (ECF No. 4.)

7         Goodrum filed his objection on October 11, 2022. (ECF No. 5.) In it, Goodrum asks

8    that his case not be dismissed, states that he got the financial certificates necessary to

9    support his IFP Application as quickly as he could, and mentions he suffered a slip and

10   fall for which he was hospitalized, contributing to further delay. (*Id.* at 1-2.) He attaches

11   the IFP Application he submitted in another case, Case No. 3:22-cv-00399-ART-CSD, to

12   his objection as well. (*Id.* at 3-5.) He then appears to attempt to submit an IFP application

13   for this case, along with supporting documentation, by including part of another copy of

14   the IFP Application he submitted in Case No. 3:22-cv-00399-ART-CSD with the header

15   blacked-out, and a copy of Judge Baldwin's R&R. (*Id.* at 6-93.)

16        In November 2022, Goodrum filed a motion to stay this case for 90 days because

17   staff at the Northern Nevada Correctional Center ("NNCC") have allegedly taken a box of

18   evidence from him. (ECF No. 6.) In December 2022, Goodrum filed another motion

19   essentially requesting another 90-day stay because NNCC staff have still not given him

20   his box of evidence back. (ECF No. 7.)

21   **III.    DISCUSSION**

22        While the Court reviews Judge Baldwin's recommendation to dismiss this case *de*

23   *novo* because Goodrum specifically objects to it, *see* 28 U.S.C. § 636(b)(1), the Court

24   agrees with Judge Baldwin that this case should be dismissed. The Court will accordingly

25   accept and adopt the R&R, overrule Goodrum's objection, and deny his two motions

26   regarding the allegedly missing box of evidence as moot.

27        First, this case has an uncurable jurisdictional defect best resolved by dismissal

28   without prejudice. Plaintiff did not file a complaint to initiate this case; he filed a complaint

1   in state court and then filed a one-sentence statement to initiate this case—to the extent

2   it was assigned a case number—stating that he was 'moving' the case from state court

3   to this court (ECF No. 1-1 at 1), apparently after receiving word from the Churchill County

4   Sheriff that they were unable to serve the state-court judge Goodrum was attempting to

5   sue in state court (*id.* at 2). While a defendant may remove a case from state court to

6   federal court, *see* 28 U.S.C. § 1446, a plaintiff may not. To effect Goodrum's intent,

7   Goodrum would likely have had to have obtained a dismissal of his state court case, and

8   filed a new complaint with this Court.

9          But Goodrum did not do that. Indeed, he never filed a complaint with this Court.

10  Thus, Goodrum never properly initiated a case that the Court would have jurisdiction to

11  adjudicate. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with

12  the court."); *see also Escobedo v. Applebee's*, 787 F.3d 1226, 1232 (9th Cir. 2015) (same,

13  also explaining that a plaintiff must either pay the filing fee or complete an IFP

14  Application); *see also Jane Doe S. v. Vashon Island Sch. Dist.*, 286 F. App'x 375, 376

15  (9th Cir. 2008) ("The district court properly concluded that it lacked jurisdiction over Ms.

16  S.'s 'Petition for Review' because the Petition challenges a new administrative decision

17  rendered after judgment in the underlying action and thus Ms. S. was required to bring a

18  new civil action. *See* 20 U.S.C. § 1415(i)(2)(A) (providing that a party may bring a civil

19  action to challenge an administrative decision under the IDEA); Fed. R. Civ. P. 3 ("A civil

20  action is commenced by filing a complaint with the court.").").

21         Second, Goodrum does not dispute that he did not timely comply with Judge

22  Baldwin's order to either pay the filing fee or complete an IFP Application. He instead tries

23  to offer an IFP Application for the first time in his objection to the R&R, five months after

24  he attempted to initiate this case and nearly two weeks after the deadline Judge Baldwin

25  set for him—indeed, after she issued the R&R. (ECF No. 5.) But Judge Baldwin's

26  recommendation was correct at the time she made it because there was no sign Goodrum

27  was going to attempt to comply with her prior order, and either payment of the filing fee

28

3

1    or a complete and accepted IFP Application are prerequisites to filing suit in federal court.

2    *See Escobedo*, 787 F.3d at 1232.

3            Third, Goodrum does not include a complete IFP Application specific to this case

4    with his objection in any event. (ECF No. 5.) Goodrum instead appears to have copied an

5    application he submitted in another case (*id.* at 6-7), and did not include either a Financial

6    Certificate or Acknowledgement specific to this case (*compare id.* at 6-7 *with id.* at 3-5

7    (including more pages with signatures)).

8            Fourth, Goodrum does not provide a sufficiently specific explanation as to why he

9    waited so long to even attempt compliance with Judge Baldwin's order, merely stating in

10   general terms NNCC staff delayed in getting him documents that he fell and was injured—

11   but not for how long, and does not explain what about his medical condition made him

12   unable to comply with Judge Baldwin's order during that time. (*Id.* at 1-2.)

13           In sum, Goodrum never properly initiated this case and never complied with Judge

14   Baldwin's order. The Court accordingly agrees with Judge Baldwin that dismissal is the

15   appropriate next step here. However, the dismissal is without prejudice so that Goodrum

16   may attempt to properly file a new case in this Court against the state court judge[1] by

17   simultaneously filing a complaint, and either paying the filing fee or filing a complete IFP

18   Application simultaneously with any new complaint he files. In other words, the Court is

19   giving Goodrum another chance, but he must take that chance—if at all—in a new case

20   because the Court lacks jurisdiction over this one that was never properly initiated. The

21   Court further denies Goodrum's two motions seeking either a stay or an extension of time

22   (ECF Nos. 6, 7) as moot because the Court is dismissing this case without prejudice.

23   **IV.    CONCLUSION**

24           The Court notes that Goodrum made several arguments and cited to several cases

25   not   discussed   above.   The   Court   has   reviewed   these   arguments   and   cases   and

26

27           [1]Goodrum may wish to research the doctrine of judicial immunity before properly
     filing a new case against a state court judge as well. *See, e.g.*, *Ashelman v. Pope*, 793
28   F.2d 1072, 1075 (9th Cir. 1986) ("Judges are immune from damage actions for judicial
     acts taken within the jurisdiction of their courts.") (citation omitted).

1    determines that they do not warrant discussion as they do not affect the outcome of the

2    motions before the Court.

3         It is therefore ordered that the Report and Recommendation (ECF No. 4) of United

4    States Magistrate Judge Carla L. Baldwin is accepted and adopted in its entirety.

5         It is further ordered that Goodrum's objection (ECF No. 5) is overruled.

6         It is further ordered that Goodrum's motion to stay case (ECF No. 6) is denied as

7    moot.

8         It is further ordered that Goodrum's motion for extension of time (ECF No. 7) is

9    denied as moot.

10        It is further ordered that this case is dismissed, in its entirety, without prejudice.

11        The Clerk of Court is directed to enter judgment accordingly and close this case.

12        DATED THIS 31st Day of January 2023.

13

14   _____
     MIRANDA M. DU
15   CHIEF UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28